UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERRY LYNN STOCKUM, <br> Plaintiff <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 1:18-CV-2061 <br><br><br> (ARBUCKLE, M.J.) |

MEMORANDUM OPINION

Sherry Lynn Stockum ("Plaintiff"), an adult individual who resides within the Middle District of Pennsylvania, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. This matter is before me, upon consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 18).

In the opening brief submitted in support of this appeal, Plaintiff raises various merits issues and also contends that Administrative Law Judge Richard Zack (the "ALJ"), who issued the final decision denying her applications, was not properly appointed under the Appointments Clause of the United States Constitution, U.S. Const. art. II, § 2, cl. 2. Plaintiff argues that, because the ALJ who issued the decision denying her applications was not properly appointed, she is entitled to a remand for

rehearing of her case before a different ALJ who has been constitutionally appointed. (Doc. 12, pp. 17-20). Plaintiff's administrative hearing was held on August 4, 2017, and the ALJ's decision denying her applications was issued on August 25, 2017. (Admin. Tr. 18-25; Doc. 11-2, pp. 19-26). Both occurred before the Acting Commissioner of Social Security ratified the appointment of all Social Security ALJs on July 16, 2018. *See* SSR 19-1p, 2019 WL 1324866 at *2 (providing background about the Supreme Court's decision in *Lucia* and the Social Security Administration's response to it). The Commissioner does not dispute that the ALJ was not properly appointed when he heard and decided Plaintiff's case. Instead, he argues that Plaintiff failed to exhaust her challenge under the Appointments Clause at the administrative level before raising the issue in federal court. (Doc. 14, pp. 13-30).

I agree with Plaintiff that the holdings of the United States Supreme Court in *Lucia v. S.E.C.,* 138 S. Ct. 2044 (2018), and the Third Circuit Court of Appeals in *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020) compel remand in this case. In *Lucia*, the Supreme Court held that certain ALJs are "Officers of the United States" within the meaning of the Appointments Clause of the United States Constitution, Art. II, § 2, cl. 2, and therefore must be appointed to their positions by either the President, a court of law, or the Department head. 138 S. Ct.

2044 (2018). In *Cirko*, the Third Circuit Court of Appeals held that "[b]ecause both the characteristics of the Social Security Administration (SSA) review process and the rights protected by the Appointments Clause favor resolution of such claims on the merits, . . . exhaustion is not required in this context." 948 F.3d at 152.

Having found that remand is required because the ALJ was not properly appointed at the time he heard and decided Plaintiff's applications and raised a timely challenge, I must now consider what the appropriate remedy is for this error. For that, I look again to *Lucia*, in which the Supreme Court held that the remedy in cases where an ALJ hears and decides a case without being properly appointed is that "another ALJ . . . must hold the new hearing." *Id.* at 2055.

Last, I note that Plaintiff has raised several other arguments in her Supporting Brief. (Doc. 12). Because there is a clear basis for remand under *Lucia* and *Cirko*, these other arguments need not be addressed. To the extent any other error occurred, it may be remedied on remand.

An appropriate order shall issue.

Date: April 3, 2020                       BY THE COURT

                                          *s/William I. Arbuckle*
                                          William I. Arbuckle
                                          U.S. Magistrate Judge